UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE RENA FORD,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 16-11725

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [15]**

Plaintiff Michelle Ford seeks review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits. The Court referred the matter to Magistrate Judge David Grand, and on January 31, 2017, the Magistrate Judge issued a Report and Recommendation (R&R) that the Court affirm the Commissioner's decision. On February 14, 2017, Plaintiff filed two objections to the R&R (Dkt. 16), which the Court considers here. For the reasons stated below, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the R&R. As a result, Defendant's motion for summary judgment is GRANTED [14], Plaintiff's motion for summary judgment is DENIED [12], the Commissioner's decision is AFFIRMED, and the case is DISMISSED.

**I.    Standard of Review**

When a party objects to portions of a magistrate judge's report and recommendation on a dispositive motion, the Court reviews such portions *de novo*. Fed. R. Civ. P. 72(b). However, only specific objections that pinpoint a source of error are entitled to *de novo*

review.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  General objections, or those that merely challenge the magistrate judge's ultimate determinations, have "the same effects as would a failure to object."  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  That is, such objections are invalid, and the Court may treat them as if they were waived.  *See Harris v. Comm'r of Soc. Sec.*, 2017 WL 343729, at *1 (E.D. Mich. Jan. 24, 2017).

## II.  Analysis

Plaintiff raises two objections to the R&R.  First, Plaintiff contests the R&R's finding that the ALJ was not required to recontact Dr. Diab, her treating physician.  (Dkt. 16, at 2.)  The R&R describes Dr. Diab's treatment notes as "largely illegible" (Dkt. 15, at 12), and Plaintiff contends that the case must be remanded to the ALJ to clarify those notes.  Plaintiff argues that a full understanding of the notes is necessary because they might be the only evidence in which a medical provider corroborates her claim of depression.  (Dkt. 16, at 3-4.)  The Court disagrees with Plaintiff.

The applicable regulation provides that the ALJ "*may* recontact your treating physician, psychologist, or other medical source."  20 C.F.R. § 404.1520b(c)(1) (emphasis added).  "The decision to recontact is driven by the inadequacy of the evidence in the record."  *Perry v. Comm'r of Soc. Sec.*, 2016 WL 1084682, at *2 (E.D. Mich. Mar. 21, 2016) (internal citations omitted).  "Thus, if the record contains sufficient evidence, recontacting sources is unnecessary."  *Id.*; *see also Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 123 (6th Cir. 2016) (holding that an ALJ's decision not to contact a medical provider for clarification was not an abuse of discretion where the ALJ's "thorough opinion

demonstrates that he carefully considered the entire record ... before determining that there was sufficient evidence in the record to conclude that Dooley was not disabled").

Based on this standard, the R&R's conclusion that the ALJ had no duty to recontact Dr. Diab is correct. The R&R reviews the evidence that the ALJ considered when assessing Plaintiff's mental RFC, including "that no other treating or examining source of record observed mental limitations and that the record contains no evidence of other mental health treatment, such as psychotherapy." (Dkt. 15, at 14 (internal citations and quotation marks omitted).) Then the R&R concludes that this evidence was sufficient to determine that Plaintiff did not suffer from specific limitations in mental functioning, making it unnecessary to clarify Dr. Diab's notes. The Court agrees with that analysis. Moreover, the Court agrees with the R&R's determination that "even if the Court were to find that the ALJ erred in failing to re-contact Dr. Diab for clarification of his treatment notes, any such error would be harmless because the record as a whole fails to demonstrate that Ford's alleged depression is severe, let alone that it imposes limitations inconsistent with the demands of unskilled work." (*Id.*) Accordingly, the Court finds that Plaintiff's first objection lacks merit, and it is overruled.

Second, Plaintiff objects to the R&R's finding that the ALJ's decision was supported by substantial evidence. (Dkt. 16, at 4.) Plaintiff argues that "the Magistrate Judge misconstrued medical evidence and testimony that ultimately, resulted in an inadequate RFC[.]" (Dkt. 16, at 5.) And Plaintiff directs the Court to roughly a dozen portions of the record that Plaintiff believes compel a different result, essentially rearguing her case. Given that this objection merely challenges the Magistrate Judge's ultimate determination, it amounts to a general objection, so the Court may and does treat it as waived. *Howard*,

3

932 F.2d at 509; *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that general objections to a magistrate judge's report and recommendation that are "summary in nature, with no specificity at all," are insufficient). Therefore, Plaintiff's second objection is also overruled.

### III. Conclusion

Given that Plaintiff's objections to the R&R have been overruled, the Court ACCEPTS AND ADOPTS the Magistrate Judge's R&R. Accordingly, Defendant's motion for summary judgment is GRANTED, Plaintiff's motion for summary judgment is DENIED, the Commissioner's decision is AFFIRMED, and this case is DISMISSED.

SO ORDERED.

                                  s/Nancy G. Edmunds
                                  Nancy G. Edmunds
                                  United States District Judge

Dated: March 8, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 8, 2017, by electronic and/or ordinary mail.

                                  s/Carol J. Bethel
                                  Case Manager